**Nicholas MARLOW, Appellant,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION and William Bennett, Secretary of Education, Appellees.**

**No. 1009, Docket 87–6008.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1987.

Decided June 8, 1987.

Nicholas Marlow, pro se.

Marla Alhadeff, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty., for S.D.N.Y., Steven E. Obus, Asst. U.S. Atty., New York City, of counsel), for appellees.

Before OAKES, KEARSE and CARDAMONE, Circuit Judges.

PER CURIAM:

Nicholas Marlow, pro se, appeals from a judgment of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, Judge, dismissing his complaint against the Department of Education (the "Department") and the Secretary of Education, William Bennett. This case arises out of an administrative complaint filed by Marlow in March 1979 with the Department's Regional Office for Civil Rights ("OCR"), charging the New York City Board of Examiners (the "Board") with refusing to hire him as a high school English teacher in violation of section 504 of the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. § 794. The OCR ruled that although Marlow suffered from a psychiatric disorder and was a handicapped person as defined by 34 C.F.R. § 104.3(j), he was not an "otherwise qualified handicapped person," as defined by 34 C.F.R. § 104.3(k)(1), because no "reasonable accommodation" could be made that would allow him to perform the essential functions of the teaching job. Marlow ap-

pealed this finding to the Regional Civil Rights Director, who affirmed the OCR's determination in May 1985. His subsequent appeal to OCR headquarters was also denied.

In April 1986 Marlow brought this action against the Department and Secretary Bennett, seeking a reopening of his administrative complaint and an order allowing him an opportunity to rebut the OCR's finding that his handicap prevents him from performing the essential functions of a teacher's job. Upon the defendants' motion, the district court dismissed Marlow's complaint on October 22, 1986, stating merely that "[t]here is no ground for suit against these defendants." Marlow's appeal presents us with the issue of whether an OCR complainant is entitled to challenge in a suit against the Department and the Secretary of Education the OCR's decision not to take any action on his complaint. We conclude that there is no basis for such a suit and, accordingly, affirm the district court's decision.

Section 504 of the Rehabilitation Act provides that

> No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. Section 504 was modeled upon Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., see S.Rep. No. 1297, 93d Cong., 2d Sess. 39–40, *reprinted in* 1974 U.S.Code Cong. & Admin.News 6373, 6390; *School Board of Nassau County v. Arline*, —— U.S. ——, 107 S.Ct. 1123, 1126 & n. 2, 94 L.Ed.2d 307 (1987), and courts frequently construe section 504 with reference to Titles VI and IX. *See, e.g., Brown v. Sibley*, 650 F.2d 760, 767–69 (5th Cir. Unit A 1981); *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1235 (7th Cir.1980) (referring only to Title VI). In-

deed, in 1978 Congress amended section 505 of the Act, 29 U.S.C. § 794a(a)(2), to specify that the enforcement scheme of Title VI also governs section 504.[1] Section 603 of Title VI, 42 U.S.C. § 2000d–2, in turn sets out the two avenues for judicial review of agency decisions. First, the statute authorizes judicial review of agency action "terminating or refusing to grant or to continue financial assistance upon a finding of failure to comply with any requirement" of law. *Id.* This provision thus enables a recipient of federal funds to obtain judicial review of an agency decision to terminate or refuse to grant funding, but it does not provide for a complainant's challenge to a determination that a recipient has not violated section 504. Section 603's other avenue of review, on which Marlow must rely, states that any agency action is "subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds." *Id.*

The statute by which federal agency action "similar" to that involved here is made reviewable is the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Judicial review under the APA, however, is not available if agency action is committed to agency discretion by law. 5 U.S.C. § 701(a)(2). And, in *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), the Supreme Court explained that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)." *Id.* at 832, 105 S.Ct. at 1656. The presumption may be rebutted where the "substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.* at 833, 105 S.Ct. at 1657. Here, the OCR decided that the Board had not discriminated against Marlow on the basis of his handicap because he was not "otherwise qualified" under 34 C.F.R. § 104.3(k). Section 504 provides no express guidelines for such a decision and indeed neither the statute nor the regulations impose significant substantive limitations on the Department's investigation and resolution of indi-

---

1. Under section 505, the "remedies, procedures, and rights" established in Title VI are available to anyone "aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under [section 504]." 29 U.S.C. § 794a(a)(2).

vidual complaints of discrimination. *See* 34 C.F.R. § 100.7 (describing the procedure for handling complaints).[2] Thus, under *Chaney* and section 701(a)(2) of the APA, review of the Department's discretionary disposition of Marlow's complaint is not available.[3]

Absent a statutory basis for review, Marlow's only other means of relief would be pursuant to an implied cause of action under section 504. We note preliminarily that, while the Act does not explicitly authorize any private right of action, it is settled in this circuit that the Act implicitly creates a private action directly against the recipients of federal funds. *Kampmeier v. Nyquist*, 553 F.2d 296, 299 (2d Cir.1977); *see also United Handicapped Fed'n v. Andre*, 558 F.2d 413, 415 (8th Cir.1977); *Lloyd v. Regional Transp. Auth.*, 548 F.2d 1277, 1284–87 (7th Cir.1977). As to suits against the funding agency itself, some courts have allowed a right of action under Title VI, but only in narrow circumstances involving allegations that the agency has "consciously and expressly" abdicated its enforcement duties, *Adams v. Richardson*, 480 F.2d 1159, 1162 (D.C.Cir.1973) (en banc, per curiam); that the agency is using improper procedures for approving funded programs, *Shannon v. United States Dep't of Housing and Urban Dev.*, 436 F.2d 809, 817, 820 (3d Cir.1970); that it acquiesced or actively participated in discriminatory practices, *Gautreaux v. Romney*, 448 F.2d 731, 740 (7th Cir.1971); or that it has wrongly refused to pursue further action when efforts to achieve voluntary compliance have failed, *Hardy v. Leonard*, 377 F.Supp. 831 (N.D.Cal.1974). Marlow makes no such allegations, however. He challenges only

the Department's disposition of his particular complaint and not its administration of the program according to its statutory responsibilities. *See Salvador v. Bennett*, 800 F.2d 97, 99–100 (7th Cir.1986) (rejecting the applicability of *Adams, supra*, to an action against the Department of Education for its disposition of an individual complaint under section 504); *Adams*, 480 F.2d at 1163 (suit does not involve "particular questions of compliance or noncompliance").

▆▆▆ We do not believe that a private right of action by an individual complainant against a federal funding agency for review of an agency's finding of no discrimination can be implied under section 504. Such an action would be "inconsistent with the statutory scheme and the integrity of the Section 504 administrative process." *Salvador v. Bell*, 622 F.Supp. 438, 442 (N.D.Ill.1985), *aff'd sub nom. Salvador v. Bennett, supra; cf. Latinos Unidos de Chelsea en Accion (LUCHA) v. Secretary of Housing and Urban Dev.*, 799 F.2d 774, 791–92 (1st Cir.1986) (holding that Title VIII does not authorize a private right of action against the funding agency, HUD). As the Supreme Court noted in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), which recognized a private right of action under Title IX against recipients of federal funds, the statutory structure of Title VI was "aimed at protecting individual rights without subjecting the Government to suits." *Id.* at 715, 99 S.Ct. at 1967. Allowing an action against the funding agency would be "far more disruptive" of its enforcement efforts "than a private suit against the recipient of federal aid could ever be." *Id.*

**2.** An individual's right to file a complaint is derived solely from the regulations implementing section 504. *See* 34 C.F.R. § 104.61 (adopting for section 504 the enforcement procedures of Title VI contained in 34 C.F.R. §§ 100.6–100.-10 & pt. 101). Under 34 C.F.R. § 100.7(b)-(d) the filing of a complaint triggers an administrative investigation. If the investigation reveals that a complaint "does not warrant action," the complainant is not entitled to further agency action regarding the complaint. If the investigation finds noncompliance, however, OCR must notify the recipient and attempt to secure voluntary compliance. If informal resolution is not possible, the agency may begin fund termination proceedings, or refer the matter to the

Department of Justice for appropriate legal action. *See* 34 C.F.R. § 100.8. Under 34 C.F.R. § 101.23, even if the Department of Education does take enforcement action against a recipient of funds, the complainant is not a party to the action.

**3.** We also note that the APA further restricts judicial review to those agency actions for which "there is no other adequate remedy in court." 5 U.S.C. § 704. Here, Marlow clearly has an adequate remedy in court: he may seek relief under section 504 of the Rehabilitation Act directly against the Board.

at 707 n. 41, 99 S.Ct. at 1963 n. 41 (referring to Title IX). For this reason, we find that section 504 does not provide for a claim against the Government when the plaintiff seeks review of a particular agency decision regarding an alleged act of discrimination by a recipient of federal funds.

As other courts have noted, this outcome will not undermine section 504's essentially remedial purpose. Marlow is still free to pursue an action directly against the Board. The fact that a beneficiary is entitled to bring an action only against the funding recipient

> does no harm to beneficiaries' rights, as complete relief can be awarded without the agency being a party to the private suit, and complete discovery can be undertaken, since the agency has no more relevant information to impart than does the funding recipient

> . . . .

*NAACP v. Medical Center, Inc.*, 599 F.2d 1247, 1254 n. 27 (3d Cir.1979).

Judgment affirmed.