**Karen BENNETT et alia, Plaintiffs,**

v.

**NEW YORK CITY HOUSING AUTHORITY et alia, Defendants.**

**No. CV–02–3499 (CPS).**

United States District Court, E.D. New York.

Dec. 18, 2002.

Jane Greengold Stevens, Laura Davis, New York Legal Assistance Group, New York City, for plaintiffs.

Charles S. Kleinberg, U.S. Attorneys Office, Carole W. Wilson, Howard M. Schmeltzer, David M. Reizes, Scott de la Vega, Lillanne Alexander, U.S. Dept. of Housing and Urban Development, for Defendants.

## MEMORANDUM AND ORDER

SIFTON, Senior District Judge.

Plaintiffs Karen Bennett, Susana Lopez Lira, and Deborah Paulin bring this action on behalf of themselves and all others similarly situated for damages, declaratory and injunctive relief against the New York City Housing Authority ("NYCHA") and Tino Hernandez, in his official capacity as Chairperson of NYCHA (collectively, "city defendants"); and also against the United States Department of Housing and Urban Development ("HUD") and Mel Martinez, in his official capacity as Secretary of HUD (collectively, "federal defendants"). The original complaint asserts claims for relief against the federal defendants under Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794 ("Section 504"); Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165; and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f), 3608(e)(5) for federal defendants' alleged failure to adequately oversee the actions of the NYCHA defendants and ensure their compliance with the regulatory scheme of the federal Section 8 housing assistance program. Federal defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively for summary judgment under Federal Rule of Civil Procedure 56. Plaintiffs cross-move for leave to amend the complaint under rule 15(a). For reasons set forth below, federal defendants' motion to dismiss is granted and plaintiffs' motion is denied as futile.

## BACKGROUND

HUD is the federal funding agency overseeing the Section 8 housing program. Under that program, HUD distributes funds through local public housing authorities ("PHAs") in the form of vouchers to low-income families to help them rent apartments through their local PHA. *See* 42 U.S.C. § 1437f(o), 24 C.F.R. § 982.1(a)-(b). Landlord participation in this Section 8 program is voluntary, 24 C.F.R. § 982.302(b), but HUD directs PHAs to encourage landlords with handicapped-accessible units to participate in the program as part of their effort to encourage land-

lord participation generally. 24 C.F.R. § 8.28(a)(2). HUD regulations create an administrative process by which beneficiaries claiming discrimination on the basis of a disability may file an administrative complaint with HUD, either individually or on behalf of a class. 24 C.F.R. § 8.56(c)(1). Those claiming discrimination in violation of Section 504 may also file a complaint with HUD under regulations adopted specifically for its enforcement. 28 C.F.R. § 35.171. Finally, any interested person seeking issuance, amendment, or repeal of a regulation under the Section 8 program may petition the Secretary of HUD for such action under its rulemaking procedures. 24 C.F.R. § 10.20(b). Plaintiffs have not pursued any of these administrative remedies prior to filing the present suit.

### DISCUSSION

■ Federal Rule of Civil Procedure 15(a) states, in relevant part, that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave to amend is to be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *accord Williams v. Brooklyn Union Gas Co.*, 819 F.Supp. 214, 223 (E.D.N.Y.1993). Plaintiff's proposed amended complaint withdraws certain claims and pleads the federal defendants' alleged violations of plaintiffs' rights with additional particularity. As discussed below in the context of the federal defendants' motion, even the proposed amended complaint does not withstand a motion to dismiss. Leave to amend the complaint is therefore denied

as futile. *See Halpert v. Wertheim & Co., Inc.* 81 F.R.D. 734, 735 (S.D.N.Y., 1979) ("If the complaint, as amended, could not withstand a motion to dismiss, a motion to amend need not be granted.").

In their opposition to defendants' motion, plaintiffs concede that they cannot maintain a claim against the federal defendants under Title II of the ADA and withdraw that claim as well as their claim for monetary damages against the federal defendants. However, they maintain the validity of their claims under Section 504 and the FHA. The proposed amended complaint claims that HUD has failed to

> structure the Section 8 program in a manner that requires and enables public housing authorities to provide effective assistance to people with disabilities to enable them to enjoy the benefits of the program equally to those enjoyed by people without disabilities ... [or] adequately oversee the actions of the NYCHA defendants and ... ensure that NYCHA defendants comply with existing federal regulations concerning the rights of people with disabilities in the Section 8 program.

(Proposed Am. Compl. ¶ 103.) In particular, plaintiffs allege that HUD's failure to affirmatively mandate that PHAs provide persons with disabilities certain forms of assistance suggested in HUD literature or to impose funding sanctions on the basis of placement rates for persons with disabilities (as it does on the basis of overall placement rates) violates Section 504 and the FHA. *Id.* ¶¶ 45–52. Accordingly, the only question currently to be decided is whether plaintiffs may maintain their claims under Section 504 and the FHA.

■ Federal defendants first assert that they enjoy sovereign immunity to the claims asserted. Congressional waivers of sovereign immunity must be unequivocally expressed in statutory text. *See, e.g.,*

*Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996); *United States v. Nordic Village,* 503 U.S. 30, 33–34, 37, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Plaintiffs do not argue the question of sovereign immunity under the FHA, apparently conceding the issue. In any event, the FHA does not include a waiver of sovereign immunity. *Almonte v. Pierce,* 666 F.Supp. 517, 524 (S.D.N.Y. 1987).

With respect to Section 504, plaintiffs claim that the 1978 amendment to the Rehabilitation Act includes a waiver of sovereign immunity and that they may bring an action directly under that section or under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.,* challenging the federal defendants' actions or failures to act. Federal defendants concede that Section 504 as amended does include a waiver of sovereign immunity but argue that it provides no private right of action against HUD. Federal defendants also argue that plaintiffs may not maintain an action under the APA. Each argument will be considered in turn.

### *Private Right of Action*

■ In *Marlow v. United States Department of Education,* 820 F.2d 581 (2d Cir.1987), the Second Circuit considered whether the Rehabilitation Act provides a private right of action. The plaintiff in *Marlow* sued the Department and Secretary of Education seeking to reopen his administrative complaint and an order allowing him to rebut a finding by the Department's Office for Civil Rights that he was not an "otherwise qualified handicapped person" under the Rehabilitation Act. *Marlow,* 820 F.2d at 581–82. The court of appeals first noted that Section 504 was modeled after Title VI of the Civil Rights Act of 1964 and that the enforcement scheme of Title VI also applies to

Section 504. *Id.* at 582, *see also* 29 U.S.C. § 794(a)(2). The court of appeals found that the first avenue of review, dealing with agency decisions to terminate or refuse to grant funding, does not provide a private right of action to a complainant alleging that a funding recipient (such as NYCHA) has not violated Section 504. *Marlow,* 820 F.2d at 582. The second avenue of review, the court held, is the APA. *Id.* Plaintiff's APA claim is discussed further below.

The court noted that there is an implied right of action under Section 504 against recipients of federal funds but stated that such an implied right of action against the funding agency itself would only be found in narrow circumstances. *Id.* at 583. In support of this ruling, the court noted that allowing plaintiff to proceed would disrupt its enforcement efforts in a manner inconsistent with the statutory and regulatory scheme of Section 504 and pointed out that Title VI, upon which that scheme was based, was "aimed at protecting individual rights without subjecting the Government to suits." *Id.* The court also noted that the remedial purpose of Section 504 would not be undermined by its holding, because the plaintiff could still pursue an action directly against the recipient of federal funds. *Id.* at 584.

Following *Marlow,* other courts in this Circuit have found that the Rehabilitation Act does not afford private plaintiffs a right of action against the federal funding agency. *See, e.g., Ohta v. Muraski,* 1993 WL 366525, at *9 n. 25 (D.Conn.1993) (Cabranes, J.). Plaintiffs attempt to respond to the precedent in this Circuit by invoking Ninth Circuit precedent and arguing that *Marlow* is distinguishable on its facts. The Ninth Circuit cases cited by plaintiff are plainly inconsistent with the reasoning and outcome of the *Marlow* court; accordingly, they will not be followed on the issue

of implied rights of action. *See Doe v. Att'y Gen'l of the U.S.*, 941 F.2d 780 (9th Cir.1991) (finding an implied right of action under Section 504 as amended based on the history of such implied rights of action under Section 504 and Title VI); *J.L. v. Social Sec. Admin.*, 971 F.2d 260 (9th Cir.1992) (same, but finding that prudential concerns made it appropriate for plaintiffs to develop a record before the administrative agency before coming to federal court). As defendants point out, the Ninth Circuit is the exception to the rule on this issue. *See Women's Equity Action League v. Cavazos*, 906 F.2d 742, 749 (D.C.Cir.1990) (collecting cases).

Plaintiffs argue that *Marlow* is distinguishable because the plaintiff in that case was only challenging a ruling on his individual complaint against a funds recipient. Rather than seeking review of a particular agency decision, plaintiffs here are challenging HUD's systematic failure to ensure that NYCHA administers Section 8 programs in a nondiscriminatory manner. It is true that the *Marlow* court cited an agency's conscious and express abdication of its enforcement duties, as well as its acquiescence or active participation in discriminatory practices, as among the "special circumstances" under which a private right of action might be implied. *Marlow*, 820 F.2d at 583. HUD has in place an administrative mechanism for parties seeking additional regulations. Plaintiffs have not seen fit to make use of this mechanism, nor have they in any way brought HUD's alleged failings to agency attention. Under such circumstances, I cannot say that there has been "conscious abdication" of statutory duties or "acquiescence" in PHA discrimination. Accordingly, I conclude that there is no implied private right of action in favor of plaintiffs seeking declaratory and injunctive relief against a funding agency under Section 504 based on a claim that the agency has not adopted enforce-ment mechanisms over and above those already in place.

*Review Under APA*

■ The APA provides for judicial review of "final agency action." 5 U.S.C. § 704. Plaintiffs admit that they have not brought their claims to HUD's attention. They nevertheless argue, citing *Sierra Club v. Thomas*, 828 F.2d 783 (D.C.Cir. 1987), that agency inaction may constitute final action reviewable under the APA. In *Sierra Club* was faced with an alleged delay in concluding a pending rulemaking, not a failure to implement rulemaking *sua sponte*, and the categories of inaction held to be reviewable all presumed either a pending request for relief or a "clear statutory duty," the shunning of which would be "of such magnitude that it amounts to an abdication of statutory responsibility." *Id.* at 793–95. As discussed above, plaintiffs have not alleged any such "clear statutory duty" to enact the regulations it seeks, and they have not brought their claims to HUD for administrative review.

■ The requirement of final agency action serves the purpose of preventing the courts "from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized...." *Abbott Laboratories, Inc. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In terms of determining whether agency action is "final," a court will consider "whether the process of administrative decisionmaking has reached a stage where judicial review will not be disruptive of the agency process and whether legal consequences will flow from the action taken...." *Seafarers International Union of North America v. United States Coast Guard*, 736 F.2d 19, 26 (2d Cir.1984) (quoting *Natural Re-*

sources *Defense Council, Inc. v. United States Nuclear Regulatory Commission,* 539 F.2d 824, 836–37 (2d Cir.1976), *vacated and remanded for consideration of mootness,* 434 U.S. 1030, 98 S.Ct. 759, 54 L.Ed.2d 777 (1978)). In this case, plaintiffs have failed to generate any record upon which HUD's policymaking might be reviewed for errors of law. Indeed, the Ninth Circuit cases on which plaintiffs rely for their argument in support of an implied right of action directly under Section 504 weigh against their argument in favor of reviewability under the APA, an issue on which Second Circuit law is not so clearly contradictory. In *J.L.,* the court found that plaintiffs should in the first instance pursue their claims with the relevant agency in order to develop a record for review, then return to court if they were unsatisfied with the agency action. *J.L.,* 971 F.2d at 270–72. Where plaintiffs have not even brought their claims to the attention of a funding agency, there is no "final action" or inaction ripe for review under the APA.

## CONCLUSION

For the foregoing reasons, federal defendants' motion to dismiss for lack of subject matter jurisdiction is granted. I therefore have no occasion to consider its motion to dismiss for failure to state a claim or its alternative motion for summary judgment. Plaintiffs' motion for leave to amend the complaint is denied as futile.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.