364 F.Supp.2d 1041 (2005)
Todd McCLASKEY, et al., Plaintiffs,
v.
LA PLATA R-II SCHOOL DISTRICT, et al., Defendants.
No. 2:03CV00066 AGF.
United States District Court, E.D. Missouri, Northern Division.
February 25, 2005.
*1042 Casey J. Welch, Wasinger and Parham, James F. Lemon, Ahrens and Hale, Hannibal, MO, David A. Masters, Sr., Macon, MO, Andrew R. Farwell, Farwell Law Firm, LLC, Kirksville, MO, for Plaintiffs.
Margaret A. Hesse, Peter G. Yelkovac, Phyleccia B. Reed, Tueth and Keeney, Wesley D. Wedemeyer, Maria C. Sanchez, Office of U.S. Attorney, St. Louis, MO, Stephanie E. Jones, Hodges and Loizzi, Springfield, IL, D. Keith Henson, Paule and Camazine, Clayton, MO, for Defendants.

MEMORANDUM AND ORDER
FLEISSIG, United States Magistrate Judge.
This action is before the Court on the motion of the United States Department of Education to dismiss Plaintiffs' first amended complaint, or in the alternative, for summary judgment, as to the federal Defendants named in this action.[1] The federal Defendants are named as parties in Count I (brought under 42 U.S.C. § 1981), Count IV (brought under 42 U.S.C. § 1986), Count V (brought under 42 U.S.C. § 2000c), and Count VI (brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d). For the reasons set forth, the motion to dismiss shall be granted as to Counts I, IV, and V; the motion for summary judgment shall be granted as to Count VI.

BACKGROUND
This action was commenced on October 13, 2003, by S.M., a minor, and her parents, Todd McClaskey and Karen McClaskey. Todd McClaskey is named individually and as next friend for S.M.; Karen McClaskey is named only individually. S.M. is also named individually. The amended complaint alleges that in the 2002-03 school year, S.M. was a junior at La Plata, Missouri, high school, and that as a bi-racial child in an almost all-Caucasian school, she was discriminated against in various ways, including being harassed by other students, not being afforded the same educational opportunities as Caucasian students, and being disciplined in a discriminatory fashion. The amended complaint further alleges that beginning in September 2002, Plaintiffs attempted to seek redress of the alleged wrongs perpetrated *1043 against S.M., but were prevented from doing so by members of the School Board, the School District, and the police. Plaintiffs further allege that they sought federal administrative review of the alleged situation with the Office of Civil Rights (OCR) of the United States Department of Education, claiming a violation of Title VI of the Civil Rights Act, but that OCR failed to provide any review.
Plaintiffs seek actual and punitive damages, as well as injunctive relief, against the School District, several employees of the School District, members of the School Board, and other municipal officials, for violation of Title VI. Plaintiffs also assert claims under various federal and state constitutional and statutory provisions, and state tort law. Also named as defendants are OCR, The United States Department of Education, the Secretary of the Department of Education, and several other Department and OCR officials in their official capacities.[2] The claims against the federal Defendants are based upon the OCR's alleged failure to adequately review or investigate Plaintiffs' claims of discrimination on the part of the School District.
The federal Defendants raise numerous arguments in support of their motion to dismiss or for summary judgment, including that there is no jurisdictional basis for Plaintiffs' claims against them because the government has not waived its sovereign immunity with respect to such claims; Plaintiffs have an adequate remedy in the form of an action against the School District, and thus the Administrative Procedure Act (APA) does not provide a waiver of sovereign immunity; Plaintiffs have no private right of action under Title VI against the federal Defendants; and Plaintiffs cannot proceed under the Federal Tort Claims Act (FTCA) because they have not exhausted administrative remedies, a prerequisite for such an action. In support of their FTCA argument, the federal Defendants have submitted the affidavit of the responsible official attesting that no administrative complaint was filed in regard to an FTCA claim.[3]

DISCUSSION
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Tademe v. Saint Cloud State Univ., 328 F.3d 982, 986 (8th Cir.2003).
Section 601 of Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The Department of *1044 Education's OCR is responsible for enforcing Title VI, among other civil rights laws, with respect to educational institutions. The regulations implementing Title VI provide that a person who believes he or she was subjected to discrimination prohibited by Title VI may file a complaint with OCR, which is directed to then investigate the matter. 34 C.F.R. § 100.7(b) & (c). The harassment or intimidation of individuals who file complaints with OCR is prohibited. Id. § 100.7(e). Investigations conducted by OCR include, where appropriate, a review of the pertinent practices and policies of the recipient of federal funds, and other factors relevant to a determination as to whether the recipient has failed to comply with Title VI. Id. at § 100.7(c). If discrimination is detected, OCR attempts resolution through informal means. Id. at § 104.6. If the noncompliance cannot be corrected through informal avenues, the Secretary of the Department of Education may effect compliance by, among other things, the suspension of federal financial assistance. Id. at § 100.8(a).
Section I.H.9 of OCR's Complaint Resolution Manual provides that OCR may decline to proceed on a complaint when the same allegations have been filed with another federal or state agency which OCR anticipates will provide the complainant with a resolution process comparable to OCR's. In such a case, OCR must advise the complainant that he or she may refile a complaint with OCR within 60 days of completion of the other agency's action.
In addition to this scheme for agency enforcement, private individuals may sue recipients of federal financial assistance directly for intentional discrimination in violation of Title VI or the regulations applying it, and obtain both injunctive relief and damages. Alexander v. Sandoval, 532 U.S. 275, 279-280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (citing Cannon v. University of Chicago, 441 U.S. 677, 694, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (implying a private right of action against federal funding recipients under Title IX, which is governed by the same procedures as Title VI)). It is undisputed that La Plata School District is a recipient of financial assistance from the Department of Education and is responsible for complying with Title VI, and thus is a proper defendant in this action. The question presented here is whether Plaintiffs may also pursue their claims against the Department of Education as the funding agency.
The record in the present case establishes the following facts, which are not disputed by Plaintiffs. On September 24, 2002, Plaintiff Todd McClaskey filed an administrative complaint with OCR, claiming that La Plata School District subjected S.M. to a racially hostile environment. The complainant sought to correct and prevent the harassment. After initiating an investigation, OCR learned that the complainant had filed the same allegations with the Missouri Commission on Human Rights (MCHR). By letter dated December 30, 2002, OCR informed the complainant that, pursuant to OCR procedures, the OCR complaint was closed and could be refiled within 60 days of the completion of the MCHR investigation. Reconsideration of this decision was denied, and the complainant was again told that he could refile his OCR complaint within 60 days of the completion of the MCHR investigation.
On March 31, 2003, Todd McClaskey filed a second administrative complaint with OCR, alleging that the School District retaliated against him for filing the first OCR complaint by having a uniformed police officer present at the School Board's January 2000 meeting, knowing that Mr. McClaskey would be at the meeting to raise the matter of his daughter's treatment. *1045 The complainant further alleged that after he was told by the School Board that his concerns would not be addressed due to the MCHR investigation, he left the meeting. By letter dated April 25, 2003, the complainant was advised by OCR that his second administrative complaint was being closed because there was no showing of an adverse action by the School District. On July 16, 2003, the MCHR issued a right to sue letter stating that Plaintiffs had 90 days in which to file a complaint in court.
Plaintiffs argue that OCR's procedure of not investigating a complaint that is being investigated by the MCHR is inherently unfair, in light of the fact that they only had 90 days from the date the MCHR completed its investigation to file an action in court. Plaintiffs further argue that they have a cause of action against the federal Defendants because these Defendants have a duty to enforce the Title VI but failed to do so, resulting in continued harassment of S.M.
This Court finds persuasive the opinions of several courts that have concluded that there is no basis for claims such as Plaintiffs' against the federal Defendants. In Scherer v. United States, 241 F.Supp.2d 1270 (D.Kan.2003), the court held that neither Title VI nor the APA created a private right of action against the funding agency or OCR for a claim that OCR improperly failed to initiate an investigation based upon plaintiff's administrative complaint and generally failed to enforce civil rights laws against the recipient of federal funds, and that thus, there was no waiver of the funding agency's sovereign immunity. Id. at 1286-89. The court first observed that in Cannon, 441 U.S. at 688-89, 99 S.Ct. 1946, the Supreme Court, while recognizing that victims of discrimination had an implied right of action against the discriminating recipients of federal funds, suggested that no such right existed under Title VI against the funding agency. Id. at 1287. The court then held that no right of action existed under the APA because the plaintiff had an adequate remedy elsewhere, namely, a direct cause of action against the recipient of federal funds. Id. at 1288-89.
Similarly, in Renteria v. Donahue, 1996 WL 446905 (10th Cir. Aug.8, 1996), the plaintiff alleged that two OCR officials discriminated against her and violated the Department of Education's regulations when they closed the file on her discrimination complaint against a federally-funded university on the ground that the complaint was time-barred. The court held that the plaintiff had no private right of action against OCR under Title VI, and had no right of action against OCR under the APA because she had another adequate remedy available in the form of an action against the university. The court further held that the plaintiff could not pursue a claim for damages against OCR under the FTCA because she failed to exhaust administrative remedies. Id. at *2. See also Cunningham v. Riley, 98 F.Supp.2d 554, 559-560 (D.Del.2000) (no due process cause of action exists against OCR for allegedly wrongly determining that it had no jurisdiction to consider some of the allegations in plaintiff's discrimination complaint; OCR's decision did not involve any adjudicatory powers and due process considerations do not attach when only investigative powers of an agency are utilized); Marlow v. United States Dep't of Educ., 820 F.2d 581, 583 (2d Cir.1987) (there is no private right of action under the Rehabilitation Act, which is governed by the same enforcement regulations as Title VI, by an individual complainant against a federal funding agency for review of the agency's finding of no discrimination).[4]
*1046 The Court concludes that Plaintiffs' remaining counts against the federal Defendants fail to state claims upon which relief can be granted. Title 42 U.S.C. § 1981 protects certain rights  the right to make and enforce contracts, sue, be parties, and give evidence  "against impairment by nongovernmental [racial] discrimination and impairment under color of state law." Section 1986 provides a right of action against persons who have knowledge of, and the power to prevent, a conspiracy to interfere with a person's civil rights and who refuses to prevent the wrongs conspired to be done. And § 2000c is the definitional section of Title VI. Plaintiffs have failed to state a claim against the federal Defendants under any of these statutory provisions.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that the federal Defendants' motion to dismiss for failure to state a claim against them is GRANTED as to Counts I, IV, and V. [Doc. # 39]
IT IS FURTHER ORDERED that the federal Defendants' motion for summary judgment is GRANTED as to Count VI.
In light of the above rulings, the federal Defendants are no longer parties in this action.
NOTES
[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).
[2] All named federal officials have been dismissed in their individual capacities for Plaintiffs' failure to properly serve them in that capacity. The Department of Education asserts that the only proper federal defendant in this action is Roderick G. Paige, as Secretary of the Department of Education. In light of the Court's disposition of the motion before it, this matter is irrelevant, and the Court shall use the term "the federal Defendants" in this Memorandum and Order.
[3] This affidavit was submitted with the federal Defendants' motion to dismiss or for summary judgment addressed to Plaintiffs' original complaint and was incorporated into the motion presently before the Court.
[4] Some pre-Cannon cases have allowed a right of action under Title VI against the funding agency itself in the narrow circumstances involving allegations that the agency expressly abdicated its enforcement duties; was using improper procedures for approving funded programs; or acquiesced or actively participated in discriminatory practices. See Marlow, 820 F.2d at 583 (citing cases). Even if this line of authority survives Cannon, it does not avail Plaintiffs here where only disposition of an individual complaint is involved. See id.