16-2078-cv
Pierce v. Fordham Univ., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June two thousand seventeen.

PRESENT: RALPH K. WINTER,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
ANN M. DONNELLY,
*District Judge*.[*]

-----------------------------------------------------------------------

EMILY PIERCE,

*Plaintiff-Appellant*,

v.                                                          No. 16-2078-cv

FORDHAM UNIVERSITY, INC., GRADUATE SCHOOL OF SOCIAL SERVICES, PRESIDENT REV JOSEPH MCSHANE, DEAN DEBRA M. MCFEE, PHD, DEAN SUSAN EGAN, DEAN KEITH ELDREDGE, UNITED STATES DEPARTMENT OF EDUCATION OFFICE OF CIVIL RIGHTS, ACTING DIRECTOR RACHEL POMERANTZ, ESQ., RONALD M. SCOTT, ESQ., NEW YORK ENFORCEMENT OFFICE,

*Defendants-Appellees*.

-----------------------------------------------------------------------

---

[*] Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:

ANDREA RISOLI, Risoli Law Offices, New York, NY.

FOR DEFENDANTS-APPELLEES FORDHAM UNIVERSITY, GRADUATE SCHOOL OF SOCIAL SERVICES, PRESIDENT REV JOSEPH McSHANE, DEAN DEBRA M. McPHEE, PHD, DEAN SUSAN EGAN, DEAN KEITH ELDREDGE:

JOHN T.A. ROSENTHAL (Kevin J. Harrington, *on the brief*), Harrington, Ocko & Monk, LLP, White Plains, NY.

FOR DEFENDANTS-APPELLEES UNITED STATES DEPARTMENT OF EDUCATION OFFICE OF CIVIL RIGHTS, RACHEL POMERANTZ, ESQ., RONALD M. SCOTT, ESQ., NEW YORK ENFORCEMENT OFFICE:

CHRISTINE S. POSCABLO, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a June 2, 2016, judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Emily Pierce appeals from a judgment of the district court granting Defendants-Appellees' motions to dismiss Pierce's second amended complaint. In that complaint, Pierce claimed that Fordham University and several of its officers and employees discriminated against her on the basis of her mental health disability in violation of the Americans with Disabilities Act of 1990 ("the ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*, by requesting certain medical information from her when she sought to reenter Fordham's Masters of Social Work program after taking a medical leave of absence. Pierce also claimed that the United States Department of Education's Office for Civil Rights ("the Office") and several of its employees violated those laws and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, by failing to investigate and render a decision on Pierce's administrative complaint to the Office concerning Fordham's behavior. Pierce sought injunctive relief ordering the Office to render a decision on that complaint. The district court denied Pierce's requested relief against the Office as moot because the Office had rendered a determination, and

2

dismissed Pierce's claims against the Fordham defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). The court then denied Pierce's request for leave to amend her complaint because amendment would be futile. Pierce now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of both a district court's determination that a claim is moot and its decision to dismiss a claim pursuant to Rule 12(b)(6) is *de novo*. *Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122, 129 (2d Cir. 2016); *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 128 (2d Cir. 2008).

With regard to Pierce's claims against the Office (and certain of its employees), the district court correctly found that the Office had issued a decision on her complaint, thus rendering those claims moot.[1] Although the exact nature of Pierce's claims against the Office and its employees is difficult to discern from the operative complaint, Pierce made clear in a subsequent filing that she sought only to have the Office issue a decision in her case. Once the Office issued a decision, "the issues presented" by Pierce's claim were "no longer 'live.'" *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015). The district court also correctly rejected Pierce's attempt to recast her claim as an allegation that the Office retaliated against her because its decision was unfavorable. That was not Pierce's claim. Moreover, permitting Pierce to amend her complaint to include such a claim would have been futile. *See Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 582–83 (2d Cir. 1987) (concluding that Office for Civil Rights determination not to take enforcement action is unreviewable).

Turning to Pierce's claims against Fordham and its officers and employees, the district court properly dismissed all of those claims because they did not state plausible claims for relief. As an initial matter, we agree with the court's decision that Pierce's claims under Title VI of the Civil Rights Act and Title II of the ADA fail. Title VI prohibits discrimination on the basis of race, color, or national origin, and Pierce never asserted that she was discriminated against on any of those grounds. *See* 42 U.S.C. § 2000d. Title II applies only to state and local governments, their instrumentalities, and commuter authorities. *See* 42 U.S.C. §§ 12131, 12132; *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 162–63 (2d Cir. 2013). Thus, Fordham and its defendant-employees are not appropriate defendants for these claims.

---

[1] The Director of the New York Office for Civil Rights has since denied the appeal of that decision.

That leaves Pierce's claims pursuant to Title III of the ADA.[2]  First, the district court properly dismissed Pierce's retaliation claim under that Title.  According to the documents Pierce attached to her complaint in this case, Pierce's complaint to the Office for Civil Rights was submitted after Pierce sought readmission to Fordham and refused to comply with Fordham's reentry requirements.  Pierce's assertion on appeal that she submitted her complaint to the Office during the course of her attempt to rejoin Fordham is not supported by her complaint or those documents.  As to Pierce's other theory of retaliation, although Pierce alleges that she told Fordham's financial aid office that she believed that office's requests related to an earlier absence violated the ADA before she sought readmission, Pierce does not allege facts from which we could reasonably infer that the individuals involved with the reentry process knew about that statement.  As the district court noted, the documents attached to the complaint showed only that Pierce may have told individuals (who were apparently not related to the reentry process) that the financial aid office's request violated the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181 *et seq.*, 42 U.S.C. §§ 1320d *et seq.*, not the ADA.   Pierce therefore cannot establish a *prima facie* case of retaliation on this ground either.  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (noting that decision maker must know about plaintiff's protected activity).

Second, Pierce also alleged that Fordham and those associated with it intentionally discriminated against her in violation of Title III of the ADA.   The exact nature of Pierce's claim of intentional discrimination is difficult to discern.  The district court construed Pierce's claim as alleging that she was unlawfully discriminated against because she was treated differently than other Fordham students with mental health issues.   We agree with the district court's dismissal of this claim.  Other than conclusory allegations, Pierce points to no comparable students treated differently, and she concedes that it was "understandable" that Fordham had such reentry procedures.  Further, Pierce has not sufficiently alleged that Fordham (and its employees) harbored any discriminatory animus against her.  *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) ("The ADA prohibits discrimination against any qualified individual with a disability *because of the disability* of such individual."   (emphasis added) (internal quotation marks omitted)).

Finally, we reject Pierce's alternative argument that she should be allowed to amend her complaint.  Pierce's claims cannot be cured by amendments, and she has not specified "what additional factual allegations" she would include to remedy the deficiencies in any claims even if they were potentially curable.  *WC Capital Mgmt., LLC v. UBS Sec., LLC*,

---

[2] The same claims were brought under § 504 of the Rehabilitation Act.  As the district court properly noted, those claims are treated the same as the Title III ADA claims and were dismissed by the district court on the same basis. *See Rodriguez v. City of N.Y.*, 197 F.3d 611, 618 (2d Cir. 1999).

711 F.3d 322, 334 (2d Cir. 2013). Indeed, Pierce had an opportunity to amend her complaint and failed to address any of its deficiencies at that time.

We have reviewed all of Pierce's other claims and conclude that they are without merit. The judgment of the district court is accordingly **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court