SUMMARY ORDER

Plaintiff-Appellant David Sherman, pro se, appeals from the September 27, 2007 judgment of the United States District Court for the Eastern District of New York (Gershon, J.) dismissing Sherman’s complaint. We assume the parties’ familiarity with the underlying facts and the procedural history of the case.
The district court correctly determined that it was unable to review the decision of the Office for Civil Rights (“OCR”) under the Administrative Procedures Act (“APA”) because the OCR’s decision not to commence enforcement proceedings is discretionary. See 5 U.S.C. § 701(a)(2); Heckler v. Chaney, 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985); Marlow v. U.S. Dep’t of Educ., 820 F.2d 581, 582-83 (2d Cir.1987) (finding OCR’s decision to dispose of discrimination *349 complaint was not reviewable under the APA). Although Sherman argues that the OCR failed to conduct an investigation into his complaint, the evidence in the record, including the letter to his father, indicates that the OCR conducted the type of investigation required by 34 C.F.R. § 100.7(c). In the OCR’s responses to Sherman, it reviewed the evidence, discussed the circumstances alleged in Sherman’s complaint, and determined that his allegations did not warrant further action. This is all that was required. See Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist., 163 F.3d 749, 756 (2d Cir.1998) (finding, with regard to the Department of Education’s obligations under this regulation, that if the Department “deems the allegations in a complaint to have merit,” it will proceed with enforcement proceedings). Although Sherman disagrees with the outcome, the OCR clearly evaluated the evidence he presented and found that the medical school had legitimate, non-discriminatory reasons for dismissing him.
We also find no error in the district court’s determination that Sherman could not pursue mandamus relief. Because an agency’s enforcement decisions are a matter of discretion, Sherman cannot show that appellees had “a plainly defined and peremptory duty to perform the act in question.” Benzman v. Whitman, 523 F.3d 119, 133 (2d Cir.2008). As discussed above, the OCR completed the required investigation of Sherman’s complaint.
Additionally, Sherman is precluded from bringing a claim under either the APA or for mandamus relief because he has another adequate remedy, a suit against the medical school alleging discrimination based on his disability. See id. (noting a plaintiff is only entitled to a writ of mandamus where, inter alia, he has no other adequate remedy); Marlow, 820 F.2d at 583 n. 3 (noting a plaintiff could not bring claim against the OCR under the APA because he “clearly has an adequate remedy in court,” i.e., the lawsuit against the institution that committed the alleged discrimination). This right of action is adequate to redress Sherman’s discrimination claims. See Women’s Equity Action League v. Cavazos, 906 F.2d 742, 751 (D.C.Cir.1990).
There is no merit to Sherman’s contention that a suit against the medical school is inadequate as, to the extent that Sherman seeks reinstatement, a successful action against the medical school can provide this relief. Moreover, courts do not have the authority to grant him the additional remedy he seeks, a court order that the OCR supervise the medical school through the selection of his residency. This monitoring is conducted by the OCR only after it finds that a recipient of federal funds is not in compliance with anti-discrimination statutes and then enters into a voluntary agreement with that institution. As discussed above, the OCR’s enforcement decisions are discretionary, and a court cannot require that the OCR find that the medical school discriminated against Sherman and then dictate the terms of a voluntary agreement.
We have considered all of Sherman’s remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.