11-998-cv
Wooten v. Dep't of Health and Human Servs.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT: JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
 *Circuit Judges.*

-------------------------------------------------------------------

JAMES R. WOOTEN,
 *Plaintiff-Appellant*,

v. No. 11-998-cv

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, OFFICE OF CIVIL RIGHTS,
MICHAEL R. CARTER,
RALPH BALSAMO,
GEORGIA C. VERDUGO,

 *Defendants-Appellees.*

-------------------------------------------------------------------

FOR APPELLANT:     James R. Wooten, *pro se*, New York, NY.

FOR APPELLEES:     Jaimie L. Nawaday, (Benjamin H. Torrance, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant James R. Wooten, proceeding pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Scheindlin, J.), granting the appellees' motion to dismiss the complaint, which alleged, among other things, that defendants Carter and Balsamo wrongfully dismissed five administrative complaints that Wooten filed with defendant Department of Health and Human Services, Office of Civil Rights ("OCR").  The District Court dismissed the claims against OCR for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and dismissed the claims against the individual defendants for failure to state a claim, Fed. R. Civ. P. 12(b)(6) . We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Wooten's administrative complaints alleged that certain entities disclosed Wooten's confidential medical information in violation of the HIPAA Privacy Rule, 42 U.S.C. §§ 1320d - 1320d-9.  OCR, through Balsamo and Carter, investigated those complaints and concluded that no unlawful disclosure had occurred.  Wooten then sued OCR and the individual defendants, all of whom are OCR employees, accusing them of violating his due process and equal protection rights, see Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and requesting review of the agency decision pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

This Court "review[s] de novo the District Court's dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all well-pleaded factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff." Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). We also review a district court's dismissal of a complaint pursuant to Rule 12(b)(1) "for clear error with respect to factual findings and de novo with respect to legal conclusions." Virtual Countries, Inc. v. Republic of South Africa, 300 F.3d 230, 235 (2d Cir. 2002). In addition, we have held that "'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally,'" Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)), and must "'interpret them to raise the strongest arguments that they suggest,'" Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (quotation mark omitted)). "This is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." Sealed Plaintiff, 537 F.3d at 191.

The District Court correctly concluded that it lacked subject matter jurisdiction over Wooten's claims against OCR. "[S]overeign immunity is 'jurisdictional in nature,'" Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007) (quoting Wake v. United States, 89 F.3d 53, 57 (2d Cir. 1996)), and shields federal agencies such as OCR from suit absent a clear waiver. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). The District Court also correctly concluded that Wooten was not entitled to review of the agency's decision under the APA where, as here, "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); see also Heckler v. Chaney, 470 U.S. 821, 830-31 (1985).

The District Court also correctly concluded that Wooten's complaint failed to state a claim against any of the individual defendants. The complaint failed to allege

3

Verdugo's personal involvement, and accordingly his claims against Verdugo were properly dismissed.  See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987). Although the complaint alleged Balsamo's and Carter's personal involvement in the denial of Wooten's administrative complaints, it failed to allege any additional facts to substantiate Wooten's claim that those defendants violated his rights to equal protection and due process.

We have considered Wooten's other arguments on appeal and concluded that they are without merit.  Accordingly, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4