**Roger PUDLIN, Plaintiff,**

v.

**OFFICE FOR (NOT OF) CIVIL RIGHTS OF THE UNITED STATES DEPARTMENT OF EDUCATION, Defendants.**

14 Civ. 10274 (AT)

United States District Court, S.D. New York.

Signed May 9, 2016

Roger Pudlin, New York, NY, pro se.

Natasha Waglow Teleanu, United States Attorney's Office, New York, NY, for Defendants.

### MEMORANDUM AND ORDER

ANALISA TORRES, District Judge

In this disability discrimination action. Plaintiff *pro se*, Roger Pudlin, alleges that Defendant, United States Department of Education, Office for Civil Rights ("OCR"),[1] violated Section 504 of the Rehabilitation Act of 1973 ("Section 504"), codified at 29 U.S.C. § 794 *et seq.*, and Title II of the Americans with Disabilities

---

1. In his complaint, Plaintiff incorrectly identifies Defendant as "Office for (not of) Civil Rights of the United States Department of Education." ECF No. 1. Defendant identifies itself as "United States Department of Education, Office for Civil Rights." Def. Mem. 1, ECF No. 20. The Clerk of Court shall amend

Act of 1990 ("Title II"), 42 U.S.C. § 12131 *et seq.*, by declining to investigate a complaint of discrimination he filed with the OCR alleging that the New York Public Library ("NYPL") discriminated against him on the basis of disability. Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is GRANTED.

## BACKGROUND [2]

Plaintiff. Roger Pudlin, [redacted text] has been medically certified as homebound. Compl. III.C, ECF No. 2. He resides near the Kips Bay branch of the NYPL. Compl. ¶ III.C. In 1999, the NYPL banned Plaintiff from accessing all facilities. *Id.* Following an appeal, in 2005 Plaintiff was granted probationary use of certain NYPL facilities and services. *Id.* Ex. 1, ECF No. 2–4 p. 2. In 2010, Plaintiff requested that his on-site library privileges be fully reinstated. *Id.* By letter dated August 26, 2010, Kevin Winkler, the NYPL's then deputy director for public service, denied Plaintiff's request for full restoration of privileges, but presented an offer that revised and clarified the scope of his existing rights. *Id.* p. 4. The offer preserved a restriction limiting Plaintiff's on-site library privileges to two midtown locations. *Id.*

Plaintiff declined the offer, and the NYPL did not respond to subsequent correspondence from Plaintiff and his treating psychologist, Roger Elmore, seeking to negotiate an accommodation. *Id.* ¶¶ III.B, III.C. In spite of the NYPL's stated re-

strictions, Plaintiff began to use the Kips Bay branch, *id.* ¶ III.C, and continued to do so without incident until September 4, 2014, when a Kips Bay manager informed Plaintiff that because of his "homebound" status he could not use the library's computer. *Id.* ¶¶ III.B, III.C. On the same day, Plaintiff filed a discrimination complaint with the OCR. *Id.* ¶ III.C. By e-mail dated September 5, 2014, Winkler informed Plaintiff that although the NYPL had elected to reverse its policy prohibiting homebound patrons from making on-site computer appointments, Plaintiff's personal on-site privileges were still restricted to the midtown library locations. *Id.* Ex. 2, ECF No. 2–4 p. 11. On September 6, 2014, Plaintiff filed an addendum to his OCR complaint alleging that Winkler's reiteration of the restriction on Plaintiff's on-site privileges amounted to discriminatory retaliation for Plaintiff's filing of the complaint. *Id.* III.B.

By letter dated November 3, 2014, the OCR informed Plaintiff that OCR had determined that Plaintiff's complaint was inappropriate for investigation.[3] *Id.* Ex. 1, ECF No. 2–1 p. 3. Plaintiff's appeal of the decision was denied by letter dated November 20, 2014. *Id.* p. 2. Plaintiff alleges that OCR's dismissal of his complaint was unlawful and seeks reversal of the determination. *Id.* ¶ III.C.

## DISCUSSION

I. *Standard of Review*

A. Subject Matter Jurisdiction

 "A case is properly dismissed for lack of subject matter jurisdiction under

---

the caption to reflect Defendant's correct name.

**2.** The following facts are taken from Plaintiff's complaint and are assumed to be true for purposes of this motion. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir.2011) (per curiam).

**3.** The first page of this letter was attached to Plaintiff's complaint. Defendant provided the Court with a full copy of the letter with its papers in support of the motion to dismiss. Waglow Decl. Ex. A, ECF No. 21–1.

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "[T]he party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir.2014) (quoting *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996)). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Id.* However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* (alteration in original) (internal quotation marks and citation omitted).

■ The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332, which respectively provide for "[f]ederal question" jurisdiction and "[d]iversity of citizenship" jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). "A plaintiff properly invokes [federal question] jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* A claim invoking federal question jurisdiction may, therefore, "be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10, 126 S.Ct. 1235 (citation omitted).

## B. Sovereign Immunity

■ "It is long settled law that, as an attribute of sovereign immunity, the United States and its agencies may not be subject to judicial proceedings unless there has been an express waiver of that immunity." *E.P.A. v. Gen. Elec. Co.,* 197 F.3d 592, 597 (2d Cir.1999), *amended on reh'g,* 212 F.3d 689 (2d Cir.2000). "[A] waiver of sovereign immunity with respect to the claim asserted is a prerequisite to subject matter jurisdiction." *Up State Fed. Credit Union v. Walker,* 198 F.3d 372, 374 (2d Cir.1999). Because "sovereign immunity is jurisdictional in nature . . . the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova,* 201 F.3d at 113.

## C. *Pro Se* Submissions

■ The court must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States,* 478 F.3d 489, 491 (2d Cir.2007) (internal quotation marks and citations omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007) (internal quotation marks, brackets, and citation omitted). Although the court is "obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010).

## II. *Application*

Defendant argues that the Court lacks subject matter jurisdiction to adjudicate the OCR's dismissal of Plaintiff's discrimination complaint because: (1) there is no right to judicial review under the Administrative Procedure Act ("APA"); (2) neither Title II nor Section 504 provides a cause of action for adjudication of an OCR dismissal; and (3) the suit is barred on sovereign immunity grounds. Because Plaintiff has neither pleaded a colorable claim arising under federal law nor identified a statutory basis for waiver of the OCR's sovereign immunity, the Court agrees that it lacks subject matter jurisdiction.

### A. APA

First, OCR's dismissal of Plaintiff's complaint is not reviewable under the APA.[4] In relevant part, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Such an aggrieved individual may obtain judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "Judicial review under the APA, however, is not available if agency action is committed to agency discretion by law." *Marlow v. U.S. Dep't of Educ.,* 820 F.2d 581, 582 (2d Cir.1987).

OCR's decision to not investigate Plaintiff's complaint is a discretionary act that is not reviewable under the APA. *See, e.g., Sherman v. Black,* 315 Fed.Appx. 347, 349 (2d Cir.2009) (summary order) (affirming dismissal of case brought against the OCR for failure to act on complaint of discrimination because "an agency's enforcement

decisions are a matter of discretion" and the record showed that the "[OCR] reviewed the evidence, discussed the circumstances alleged in [plaintiff's] complaint, and determined that his allegations did not warrant further action," which was "all that was required"). In addition, Plaintiff has an adequate, alternate remedy: a disability discrimination suit directly against the NYPL. *See, e.g., id.* (concluding that plaintiff was "precluded from bringing a claim under ... the APA ... because he has another adequate remedy, a suit against the [entity engaged in the alleged discrimination]" (citing, *inter alia, Marlow,* 820 F.2d at 583 n. 3 (explaining that judicial review under the APA is limited to review of agency actions "for which there is no other adequate remedy in court"))).

Accordingly, the APA does not provide a cause of action to adjudicate the OCR's dismissal of Plaintiff's discrimination complaint, and the claim is DISMISSED for lack of subject matter jurisdiction.

### B. Title II and Section 504

#### 1. Title II

First, Plaintiff does not have a cause of action under Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.,* 804 F.3d 178, 186 (2d Cir.2015) (quoting 42 U.S.C. § 12132). Importantly, "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. FCC,* 217 F.3d 72, 73 (2d Cir.2000) (holding

---

4. Although Plaintiff's complaint does not reference the APA, his allegations, broadly construed, can be read to raise a claim under the statute.

that the FCC, a federal agency, is not a "public entity" within the meaning of Title II). As the OCR is a federal agency not covered by the statute, Plaintiff cannot bring a lawsuit under Title II, and the claim is DISMISSED for lack of subject matter jurisdiction.

### 2. Section 504

█ Likewise, Plaintiff does not have a cause of action under Section 504, which provides that "[n]o otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Section 504 is modeled after Title VI of the Civil Rights Act of 1964 and the enforcement scheme under Title VI applies to claims brought under Section 504. *See Marlow,* 820 F.2d at 582 (explaining that "courts frequently construe section 504 with reference to Titles VI and IX" and that "the enforcement scheme of Title VI also governs section 504"). Title VI provides "two avenues for judicial review of agency decisions. First, the statute authorizes judicial review of agency action 'terminating or refusing to grant or to continue financial assistance upon a finding of failure to comply with any requirement' of law." *Id.* (quoting 42 U.S.C. § 2000d–2). Second, an "agency action is 'subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds.'" *Id.* With respect to the second avenue for judicial review, "[t]he statute by which federal agency action 'similar' to that involved here is made reviewable is the [APA.]" *Id.*

Plaintiff's allegations do not fall within either explicit avenue for judicial review provided under Section 504. First, the allegations do not relate to the provision of financial assistance. Second, for reasons already discussed above, *see supra* Section II. A, "review of the [OCR's] discretionary disposition of [Plaintiff]'s complaint is not available," *Marlow,* 820 F.2d at 583 (concluding that the OCR's decision to not take action on a complaint of discrimination did not fall within the bounds of either explicit avenue for judicial review provided by Section 504). Accordingly, Plaintiff's claims do not establish a cause of action against the OCR under Section 504.

█ The Second Circuit has recognized that an implied cause of action may exist under Section 504 in limited circumstances, including those involving allegations that an agency has "abdicated its enforcement duties"; used "improper procedures for approving funded programs"; "acquiesced or actively participated in discriminatory practices"; or "wrongly refused to pursue further action when efforts to achieve voluntary compliance have failed." *Id.* An implied cause of action is not available here, however, because Plaintiff "challenges only the [OCR's] disposition of his particular complaint and not its administration of [a] program according to its statutory responsibilities." *Id.*

Accordingly, Plaintiff does not have an express or implied cause of action against the OCR under Section 504, and the claim is DISMISSED for lack of subject matter jurisdiction.

### C. Sovereign Immunity

█ Adjudication of this dispute is barred on sovereign immunity grounds. As discussed above, the dismissal of Plaintiff's OCR complaint is not actionable under the APA, Title II, or Section 504, and Plaintiff had not identified any other statute waiving the OCR's sovereign immunity under these circumstances. Therefore, adjudication of the OCR's dismissal of Plain-

tiff's discrimination complaint is barred on sovereign immunity grounds. *See, e.g., Wooten v. U.S. Dep't of Health & Human Servs.–Office of Civil Rights*, 10 Civ. 3728, 2011 WL 536448, at \*6 (S.D.N.Y. Feb. 15, 2011) (concluding that claim brought against federal agency for closing plaintiff's complaints was barred on sovereign immunity grounds because the agency's resolution of plaintiff's complaints was discretionary and, thus, not reviewable under the APA), *aff'd sub nom. Wooten v. U.S. Dep't of Health & Human Servs.*, 478 Fed. Appx. 708 (2d Cir.2012). Because the OCR is entitled to sovereign immunity, the Court lacks subject matter jurisdiction to adjudicate this dispute.

### D. Leave to Amend

Although Plaintiff did not submit papers in opposition to the motion to dismiss, he did file an amended complaint. Am. Compl., ECF No. 30. Plaintiff was entitled to file an amended complaint in response to the motion to dismiss without leave of the court or Defendant's consent, however, he needed to do so within "21 days after service" of the motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Even though Plaintiff requested—and was granted—several extensions to file papers in opposition to Defendant's motion to dismiss, he neither indicated his intent to file an amended complaint nor sought leave of Court for that purpose. In any event, in light of Plaintiff's *pro se* status, the Court will consider the filing of the amended complaint to be request for leave to amend.[5] *See, e.g., Bristol Vill., Inc. v.*

*Louisiana—Pac. Corp.*, 916 F.Supp.2d 357, 362 (W.D.N.Y.2013) (construing late filing of amended complaint as a request for leave to file an amended complaint).

█ Although "[a] *pro se* complaint is to be read liberally" and "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court need not afford leave to amend when circumstances suggest that amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation marks and citation omitted) (concluding that leave to amend would be futile because the complaint, read liberally, did not "suggest[ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Leave to amend would be futile in this case, for the subject matter jurisdiction deficiencies discussed above are substantive and cannot be cured. Indeed, Plaintiff's amended complaint, which relies on the same facts and statutory provisions as his original complaint, would also be dismissed for lack of subject matter jurisdiction. Accordingly, Plaintiff's request for leave to amend is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

---

5. The Court notes that even if Plaintiff's amended complaint were considered in resolving the pending motion to dismiss, *see. e.g., Roller Bearing Co. of Am. v. Am. Software, Inc., 570* F.Supp.2d 376, 384 (D.Conn.2008) (considering merits of pending motion to dismiss in light of amended pleading), the result would be the same, for the amended com-

plaint relies on the same facts as those in the original complaint and seeks reversal of the OCR's dismissal of his discrimination complaint, *see* Am. Compl. ¶¶ II, III, IV. For the reasons already discussed, the Court lacks subject matter jurisdiction to adjudicate this dispute.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to: (1) terminate the motion at ECF No. 19; (2) amend the caption to reflect Defendant's correct name; (3) mail a copy of this order and all unpublished decisions cited therein to Plaintiff *pro se*; and (4) close the case.

SO ORDERED.

