17-615-cv
Hicks v. Marchman, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand eighteen.

PRESENT:  GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
          CHRISTINA REISS,
                *Chief District Judge.**
------------------------------------------------------------------

TYRONE HICKS,

                        *Plaintiff-Appellant*,

                v.                                  No. 17-615-cv

DETECTIVE MICHAEL MARCHMAN, CITY OF
NEW YORK,

                        *Defendants-Appellees*,

---

* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

DETECTIVE CATALANO, DETECTIVE LYNCH,
JOHN AND JANE DOES,

*Defendants.***

---------------------------------------------------------------

FOR APPELLANT:                    ADELE BERNHARD, Brooklyn, NY.

FOR APPELLEES:                    INGRID R. GUSTAFSON (Fay S. Ng, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Tyrone Hicks appeals from a judgment of the District Court (Crotty, J.) dismissing his complaint for failure to state a claim. On appeal, Hicks challenges the dismissal of his fair trial and malicious prosecution claims. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.[1]

---

** The Clerk of Court is directed to amend the official caption as set forth above.
[1] In addition to the complaint, we have also considered records from Hicks's criminal

2

We first address Hicks's fair trial claim based on the defendant officers' alleged fabrication of information. To state such a fair trial claim, a plaintiff must plausibly allege that investigating officers fabricated information that was likely to influence a jury's verdict, forwarded that information to prosecutors, and that the plaintiff suffered a deprivation of life, liberty, or property as a result. Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016). And in assessing the claim, we accept all of the well-pleaded factual allegations in Hicks's complaint as true and draw all inferences in his favor. Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011).

Hicks's complaint alleges, among other things, that the officers used impermissibly suggestive identification procedures to encourage the victim, T.T., to identify Hicks as her assailant from a photographic array and then failed to disclose the use of those suggestive procedures to the District Attorney's Office. Had that been the only allegation, we would have affirmed the District Court's dismissal of the fabrication claim because the state criminal court assumed the procedures were suggestive, excluded the resulting identification, and determined that there was an independent basis for T.T.'s later identifications of

case that he relied on in his complaint. See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016).

Hicks as her attacker. But the complaint alleges not merely that the photographic array was in some general way suggestive, but also alleges that (1) a detective deliberately gave T.T. prejudicial information about Hicks during the photo array procedure and hid this misconduct from the court and prosecutors; (2) the officers lied to the prosecutors that Hicks had bragged about being the "Bronx Rapist" and that Hicks's mother told them that Hicks was the person depicted in the sketch T.T. had created; (3) Hicks's parole officer ultimately refused to credit T.T.'s identification of Hicks after interviewing T.T.; (4) the officers failed to preserve the photographic array from which T.T. identified Hicks; and (5) two other victims were unable to identify Hicks. In view of Hicks's ultimate exoneration, these allegations together raise a plausible inference that the officers fabricated information that was likely to influence a jury's verdict and that they forwarded that information to the prosecutors. Hicks has also adequately alleged that he was arrested as a result of the fabricated information and that the information influenced the prosecutors' "decision to pursue charges rather than to dismiss the complaint without further action[.]" Garnett, 838 F.3d at 277. We therefore conclude that the complaint states a plausible fair trial claim based on the fabrication of information, and vacate the dismissal of that claim.

4

Hicks also challenges the dismissal of his claims that the officers violated his fair trial rights under Brady v. Maryland, 373 U.S. 83 (1963), by withholding from prosecutors and defense counsel three pieces of material exculpatory evidence. None of these claims is persuasive. First, the trial transcript shows that Hicks's counsel had sufficient information about other victims' failure to identify Hicks as the perpetrator of similar attacks to use that information in his defense at trial. See United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982). Second, the results of the analysis of a latent fingerprint recovered from T.T.'s front door did not constitute Brady material, because there is no reason to assume that a fingerprint on an apartment door, which is accessible to many people, was left by the perpetrator of the crime or the person who left the threatening notes. See United States v. Sessa, 711 F.3d 316, 321–22 (2d Cir. 2013). Finally, Hicks does not allege facts sufficient to support a conclusion that the existence of the second note should be considered exculpatory. We therefore affirm the District Court's dismissal of Hicks's claims based on Brady.

As a final fair trial challenge, Hicks urges that his complaint adequately alleges that the officers violated his fair trial right to have the police conduct an adequate investigation. Hicks cites no authority for the proposition that there is

a stand-alone fair trial claim based on officers' failure to conduct an adequate investigation. Accordingly, the District Court properly dismissed this version of Hicks's fair trial claim.

Finally, Hicks argues that the District Court erred in dismissing his malicious prosecution claims under 42 U.S.C. § 1983 and New York law. We agree. "[T]he merits of a claim for malicious prosecution under [Section] 1983 are governed by state law." Dufort v. City of New York, 874 F.3d 338, 350 (2d Cir. 2017). To state a malicious prosecution claim under New York law, a plaintiff must allege "[1] the commencement or continuation of a criminal proceeding against [him]; [2] the termination of the proceeding in [his] favor; [3] that there was no probable cause for the proceeding; and [4] that the proceeding was instituted with malice." Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016) (quotation marks omitted). "When raising a malicious prosecution claim under Section 1983, a plaintiff must also show a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." Id. (quotation marks omitted). It is true that Hicks's indictment by a grand jury creates a presumption of probable cause. But under New York law the presumption can be rebutted by

6

showing "that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith[.]" Colon v. City of New York, 60 N.Y.2d 78, 82–83 (1983). Here, Hicks rebutted the presumption at the motion to dismiss stage by alleging that the officers provided fabricated evidence to the prosecutors, as described above. The allegations in the complaint also satisfy the other elements of a malicious prosecution claim under both New York law and Section 1983: the officers commenced the criminal proceeding, see Dufort, 874 F.3d at 353, malice may be inferred from the actual lack of probable cause, see Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 131 (2d Cir. 1997), Hicks was detained, and Hicks's criminal proceeding ultimately terminated in his favor with his exoneration. We therefore vacate the District Court's dismissal of Hicks's malicious prosecution claims.

We have considered Hicks's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court