24-2365-cv
*Abadi v. Fauci*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

AARON ABADI,

> *Plaintiff-Appellant*,

v.                                                                                          24-2365-cv

ANTHONY STEPHEN FAUCI, FORMERLY OF NIH IN HIS PERSONAL CAPACITY, THE CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DR. ROBERT REDFIELD, NATIONAL INSTITUTES OF HEALTH, UNITED STATES DEPARTMENT OF TRANSPORTATION, SEAN DUFFY, UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION, DAVID PEKOSKE, ERINN BOSTIC, UNITED STATES DEPARTMENT OF JUSTICE, AMERICAN AIRLINES, INC., DEBBIE CASTELTON, DELTA AIRLINES, INC., JETBLUE AIRWAYS

CORPORATION, NATHALIE SACHA, ROBERT LAND, ROY GOLDBERG, SOUTHERN AIRWAYS EXPRESS, LLC, DBA MOKULELE AIRLINES, SOUTHWEST AIRLINES CO., UNITED AIRLINES, INC., BRITISH AIRWAYS PLC, MATTHEW ROBERTS, IBERIA LINEAS AEREAS DE ESPANA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL, LATAM AIRLINES GROUP S.A., AEROVIAS DE MEXICO S.A. DE C.V., DBA AEROMEXICO, ROYAL AIR MAROC, CONCESIONARIA VUELA COMPANIA DE AVIACION, S.A.P.I. DE C.V., DBA VOLARIS, TRANSPORTES AEREOS PORTUGUESES, S.A., SPIRIT AIRLINES, INC., POLSKIE LINIE LITNICZE LOT S.A., AVIANCA, INC., SINGAPORE AIRLINES LIMITED, MIGUEL MOREL, SCANDINAVIAN AIRLINES OF NORTH AMERICA INC., SILVER AIRWAYS, LLC,

*Defendants-Appellees*,

AMERICAN AIRLINES GROUP INC., GULF AIR B.S.C., ETIHAD AIRWAYS P.J.S.C., DBA ETIHAD AIRWAYS COMPANY, AIR CANADA, EMIRATES, FINNAIR OYJ, CENTER FOR EMERGENCY MEDICINE OF WESTERN PENNSYLVANIA, INC., AGENT OF STATMD, FRONTIER AIRLINES, INC., ALLEGIANT AIR, LLC, GULF AIR HOLDING B.S.C., AIR TAHITI NUI, MEDAIRE, INC., ASIANA AIRLINES INC., PHILIPPINE AIRLINES, EL AL ISRAEL AIRLINES LTD., EVA AIRWAYS CORPORATION, CATHAY PACIFIC AIRWAYS LTD., AZUL LINHAS AEREAS BRASILEIRAS S.A., FAST COLOMBIA S.A.S., DBA VIVA AIR COLOMBIA, LUFTHANSA SYSTEMS AMERICAS, INC., AUSTRIAN AIRLINES AG, CHINA SOUTHERN AIRLINES COMPANY LIMITED, ALIA - THE ROYAL JORDANIAN AIRLINES COMPANY, KENYA AIRWAYS, KOREAN AIR LINES CO., LTD., ANITA AYALA, SWISS INTERNATIONAL AIR LINES AG,

TURKISH AIRLINES, INC., QATAR AIRWAYS GROUP Q.C.S.C., (INCORRECTLY SUED HEREIN AS QATAR AIRWAYS Q.C.S.C. D/B/A QATAR AIRWAYS Q.C.S.C. CORPORATION), NATHALIE SIMON, AN EMPLOYEE OF DELTA IN THEIR CUSTOMER CARE DEPARTMENT DELTA AIR LINES, INC., PJSC AEROFLOT - RUSSIAN AIRLINES, DBA AEROFLOT,

*Defendants.*\*

---

FOR PLAINTIFF-APPELLANT:

AARON ABADI, *pro se*, New York, New York.

FOR DEFENDANTS-APPELLEES:

M. ROY GOLDBERG (Kieran M. Corcoran, Stinson LLP, New York, New York, *on the brief*), Clark Hill PLC, Washington, District of Columbia, *for* American Airlines, Inc.; Debbie Castelton; Delta Airlines, Inc.; JetBlue Airways Corporation; Nathalie Sacha; Robert Land; Roy Goldberg; Southern Airways Express, LLC; Southwest Airlines Co.; and United Airlines, Inc.

ZACHARY D. GROENDYK (Bartholomew J. Banino, Anthony U. Battista, Jonathan E. DeMay, Marissa N. Lefland, John Maggio, *on the brief*), Condon & Forsyth LLP, New York, New York, *for* British Airways PLC; Matthew Roberts; Iberia Lineas Aereas De España S.A. Operadora, Sociedad Unipersonal; LATAM Airlines Group S.A.; Aerovías de México S.A. de C.V.; Concesionaria Vuela Compañia De Aviación, S.A.P.I. De C.V., Transportes Aéreos Portugueses, S.A.; Spirit Airlines, LLC; Polskie Linie Litnicze LOT S.A.; Singapore Airlines; Miguel

---

\* The Clerk of the Court is respectfully directed to amend the official caption on this Court's docket as set forth above.

3

Morel; Royal Air Maroc; and Avianca, S.A.

DANIELLE J. MARRYSHOW, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, New York, *for* the Department of Health and Human Services; the National Institutes of Health; the Centers for Disease Control and Prevention; the Department of Transportation; Sean Duffy, Secretary of Department of Transportation, in his official capacity; the Transportation Security Administration; David P. Pekoske, Administrator of the Transportation Security Administration, in his individual capacity; the Department of Justice; Erinn Bostic, in her individual capacity; Dr. Anthony Fauci, in his individual capacity; and Dr. Robert Redfield, in his individual capacity.

Steven D. Sanfelippo and Gary A. Gardner, Cunningham Swaim, LLP, Dallas, Texas; Melville, New York, *for* Silver Airways LLC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is stayed as to Silver Airways, pending further order of the bankruptcy court or this Court, and the judgment of the district court, entered on August 19, 2024, as to the other appellees is **AFFIRMED**.

Plaintiff-appellant Aaron Abadi, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint for mootness, lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). In May 2023, Abadi commenced this action against several federal government agencies and officials ("the federal defendants"), dozens of domestic and foreign airlines and their employees ("the airline defendants"), and two medical organizations, asserting disability discrimination and other civil rights and statutory violations under federal and state law, including under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, related to masking requirements while traveling during the COVID-19 pandemic.[1] He also challenged federal mask mandates—namely, (1) the 2021 Executive Order signed by then-President Joseph R. Biden, Jr., directing the heads of federal agencies to take action to require masks be worn in, among other places, airports and commercial aircrafts, to prevent the spread of COVID-19 (the "Executive Order"), and (2) the Centers for Disease Control and Prevention's ("CDC") February 2021 order directing airlines to use best efforts to ensure their passengers were masking when traveling (the "CDC Order")—under the Administrative Procedure Act ("APA") and as unconstitutional exercises of power.

The district court granted the defendants' motions to dismiss. *See Abadi v. Am. Airlines, Inc.*, No. 1:23-cv-04033 (LJL), 2024 WL 1346437 (S.D.N.Y. Mar. 29, 2024) ("*Abadi I*"); *Abadi v. Am. Airlines, Inc.*, No. 1:23-cv-04033 (LJL), 2024 WL 3849188 (S.D.N.Y. Aug. 16, 2024) ("*Abadi II*"). Abadi timely appealed. We assume the parties' familiarity with the underlying facts,

---

[1] In July 2023, Abadi moved to file a supplemental complaint, which the district court granted and deemed as incorporated into the original complaint.

procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction," *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011), as well as "questions of mootness," *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 68 (2d Cir. 2023). We similarly "review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Generally, a *pro se* litigant's "pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). Nonetheless, *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants "to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Thus, "even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." *Terry v.*

*Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (internal quotation marks and citation omitted). Accordingly, a *pro se* litigant will be deemed to have "abandon[ed] an issue by failing to address it in the appellate brief." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).[2]

## I.     Bankruptcy Stay

In February 2025, we stayed the appeal as to Spirit Airlines, Inc. and Silver Airways, LLC, pursuant to 11 U.S.C. § 362(a), because both airlines filed for bankruptcy and were subject to automatic stays. On March 4, 2025, we lifted the stay as to Spirit Airlines after Spirit Airlines advised us that the bankruptcy court had approved a stipulation to allow this appeal to proceed as to Spirit Airlines. However, as recently as June 25, 2025, Silver Airways has confirmed "that the automatic stay imposed by Section 362(a) of the Bankruptcy Code in *In re Silver Airways, LLC*, Case No. 24-bk-23623 (PDR) (Bankr. S.D. Fla.), as to [Abadi]'s claim against Silver [Airways] remains in place at this time, and no order lifting the stay in general or specifically as to [Abadi]'s claim has been entered." App. Ct. Dkt. No. 141 at 1.

"The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," such as "a claim to establish an obligation of which the debtor is a guarantor." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). Here, there is no suggestion that Silver Airways has a relationship with another appellee, such that a claim made against one of the non-debtor appellees "will have an immediate adverse economic consequence for [Silver Airways']

---

[2] We conclude that Abadi has abandoned several issues on appeal by failing to raise them in his brief. First, he fails to challenge the district court's *sua sponte* dismissal of his claims against President Biden as barred by the doctrine of absolute immunity. Second, as the federal defendants correctly identify, Abadi fails to raise appellate arguments relating to his tort and anti-discrimination claims against the federal defendants.

7

estate." *Id*. Therefore, we will continue to stay the appeal as to Silver Airways, but we will permit the appeal to proceed as to the other appellees. *See id.* at 290–91.

## II. APA and Constitutional Claims

The district court correctly dismissed Abadi's APA and constitutional challenges to the Executive Order and CDC Order as moot. As the district court pointed out, the CDC Order expired when the Secretary of Health and Human Services declared the end of the COVID-19 public health emergency in May 2023. *See Abadi II*, 2024 WL 3849188, at *1. In addition, President Biden formally revoked the Executive Order in April 2024. *See* Exec. Order No. 14122, COVID-19 and Public Health Preparedness and Response, 89 Fed. Reg. 27355 (Apr. 12, 2024). Abadi's invocation of the capable-of-repetition exception to the mootness doctrine is unavailing because he cannot show that "these same parties are reasonably likely to find themselves again in dispute over the issues raised in this appeal." *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (emphases, internal quotation marks, and citation omitted); *see also Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 120 (2d Cir. 2001) ("[M]ere speculation" does not demonstrate that the capable-of-repetition exception applies.); *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 893–94 (11th Cir. 2023) (concluding that the expiration of the CDC Order rendered the appeal regarding its legality moot).

## III. ACAA Claims

The district court did not err by dismissing Abadi's claims brought under the ACAA. As the district court explained, Abadi's ACAA claims failed as a matter of law because the ACAA "does not expressly provide a right to sue the air carrier," *Abadi I*, 2024 WL 1346437, at *30, and

8

we have held that there is no implied private right of action because "the text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court," *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011).

On appeal, Abadi argues that our decision in *Lopez* was "inconsistent with the legislative intent of the ACAA" and "overlooks the ineffectiveness of the Department of Transportation's (DOT) enforcement mechanisms," which in turn "necessitates the recognition of a private right of action." Appellant's Br. at 32; *see also id.* at 29–52. These arguments are unavailing. "A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam). *Lopez* has not been overruled by us *en banc* or by the Supreme Court. Accordingly, the district court properly dismissed the ACCA claims.

## IV. Remaining Claims

### A. 42 U.S.C. § 1983

The district court did not err by concluding that Abadi failed to state a Section 1983 claim. The district court concluded that Abadi failed to plausibly allege that the airline defendants were state actors. *See Abadi I*, 2024 WL 1346437, at *22; *see also Chan v. City of N.Y.*, 1 F.3d 96, 106 (2d Cir. 1993) (explaining that private parties may be found liable under Section 1983 only if they are "acting under color of state law."). Abadi argues that the airline defendants were state actors for purposes of Section 1983 because, although they were private actors, their conduct was linked to state action. However, the district court correctly rejected this argument after extensively discussing, and then carefully applying, the tests used for determining whether a private entity's actions may be imputed to the state. *See Abadi I*, 2024 WL 1346437, at *18–22; *see also Hollander*

9

*v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (per curiam) (applying test to determine whether the actions of a private entity may be attributable to the state).

## B. 42 U.S.C. §§ 1985 and 1986

The district court properly concluded that Abadi failed to state a Section 1985 conspiracy claim. Abadi contends that the district court erred in requiring Abadi "to provide direct evidence of an explicit agreement between the airlines and government agencies to establish a conspiracy at the pleading stage." Appellant's Br. at 61. However, the district court did not require Abadi to proffer evidence of any explicit agreement. Instead, the district court determined that Abadi failed to allege any facts plausibly suggesting "a meeting of the minds" or "that the defendants entered into an agreement, *express or tacit*," *Abadi I*, 2024 WL 1346437, at *25 (emphasis added) (internal quotation marks and citation omitted), and we agree with that determination. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Moreover, because Abadi failed to allege a valid Section 1985 claim, the district court correctly held that he also failed to allege a Section 1986 claim. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim.").

## C. Rehabilitation Act

For substantially the same reasons articulated by the district court, we conclude that Abadi's claims under the Rehabilitation Act of 1973 were properly dismissed. First, the district court correctly held that there is no individual liability under the Rehabilitation Act and, therefore, any individual liability claims failed. *See Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022). Second, we agree with the district court that Abadi did not sufficiently allege that he was excluded from

10

flying without a mask "because of his disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

### D. Constitutional Right to Travel

The district court correctly concluded that Abadi's constitutional right to travel claim against the airline defendants failed because he did "not allege that any of the Moving Defendants is a state actor or the existence of a private conspiracy intended to deprive him of the right to travel." *Abadi I*, 2024 WL 1346437, at *54.

### E. State and City Law Claims

Finally, the district court properly dismissed Abadi's state and city law claims. On appeal, Abadi argues that the district court erred in concluding that his state and municipal law claims were preempted by the ACAA and/or Airline Deregulation Act ("ADA"), and that his complaint also failed to allege facts to support the claims.

As to the airline defendants, the district court correctly concluded that Abadi's claims were "either preempted by the [ADA] or the ACAA, or fail[ed] to state a claim for relief, or both." *Id.* at *35; *see also* 49 U.S.C. § 41713(b)(1); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383–90 (1992); *Fawemimo v. Am. Airlines, Inc.*, 751 F. App'x 16, 19 (2d Cir. 2018) (summary order). As to the federal defendants, Abadi's state law claims were barred by sovereign immunity because the United States "has not consented to be sued for violation of state or local anti-discrimination laws" and, therefore, the court lacked subject matter jurisdiction. *Abadi II*, 2024 WL 3849188, at *10. As to the individual federal employee defendants, the district court properly determined that Abadi's allegations did not state a claim for relief.

*       *       *

We have considered Abadi's remaining arguments and conclude they are without merit. Accordingly, the appeal is stayed as to Silver Airways pending a further order from the bankruptcy court or this Court.[3] We **AFFIRM** the judgment of the district court as to the other appellees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Silver Airlines should promptly notify this Court if the bankruptcy court grants relief from the Section 362 stay with respect to this appeal, or if the stay lapses.